# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 16, 2025

Lyle W. Cayce
Clerk

No. 24-60481
Summary Calendar
_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Joshua Chasestefan Anderson,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:21-CR-61-1

_____

Before Barksdale, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Joshua Chasestefan Anderson challenges his within-Guidelines 360-month sentence (statutory maximum), imposed following his guilty-plea conviction for production of child sexual exploitative material, in violation of 18 U.S.C. § 2251(a) and (e). (Prior to entering his guilty plea, and on Anderson's motion, he received substantial testing regarding his sanity and

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

competency to stand trial.) Anderson contests the procedural and substantive reasonableness of his sentence.

Anderson first contends his sentence is procedurally unreasonable because the district court did not adequately explain its reasons for imposing the sentence, and, in particular, did not discuss evidence in mitigation related to his mental-health issues. Because the issue was not preserved in district court, review is only for plain error. *E.g.*, *United States v. Coto-Mendoza*, 986 F.3d 583, 585 (5th Cir. 2021). Under that standard, Anderson must show a plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

A district court commits procedural error where it fails to provide an explanation for its chosen sentence sufficient "to allow for meaningful appellate review and to promote the perception of fair sentencing". *Gall v. United States*, 552 U.S. 38, 50 (2007). If the court imposes a sentence outside the Guidelines range, its justification should be "sufficiently compelling to support the degree of the variance". *Id.* The court may offer an adequate explanation by referring to the prior contentions of the parties or information in the presentence investigation report (PSR) where the 18 U.S.C. § 3553(a) sentencing factors were fully addressed at sentencing and in the briefing. *See United States v. Key*, 599 F.3d 469, 474 (5th Cir. 2010).

Anderson's within-Guidelines sentence did not require a detailed explanation, and the court's stated reasons for imposing the sentence were sufficient to allow for meaningful appellate review. *See id.*; *see also Rita v. United States*, 551 U.S. 338, 356 (2007) (when sentencing judge decides to

simply apply the Guidelines, "doing so will not necessarily require lengthy explanation"). The court, *inter alia*, adopted the PSR (to which Anderson had not objected) without change and expressly noted that it had considered all of the § 3553(a)(2) sentencing factors (including stating the factors). The PSR adequately addressed Anderson's mental-health issues, including his competency and sanity evaluations, and the court's consideration of Anderson's mental-health contentions is further evidenced by the requirement that he participate in a mental-health treatment program as a condition of his supervised release. Accordingly, Anderson does not show the requisite clear-or-obvious error. *See Puckett*, 556 U.S. at 135.

Turning to Anderson's substantive-reasonableness challenge, we review for abuse of discretion, *e.g.*, *Gall*, 552 U.S. at 51, with substantial deference given to the district court's assessment of the § 3553(a) sentencing factors, *e.g.*, *United States v. Fatani*, 125 F.4th 755, 761 (5th Cir. 2025). Moreover, a rebuttable presumption of reasonableness applies, as here, to a properly-calculated, within-Guidelines sentence. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). The presumption "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors". *Id.*

The record shows the district court did not abuse its discretion, as it weighed Anderson's contentions and explained the chosen sentence in the context of the § 3553(a) factors. *See Gall*, 552 U.S. at 51; *Cooks*, 589 F.3d at 186. At most, Anderson's very brief contentions (primarily that "[b]ased on [his] long history of mental health issues, a shorter term of imprisonment was warranted") amount to a disagreement with how the relevant considerations were balanced, but we will not independently reweigh the § 3553(a) sentencing factors or substitute our judgment for that of the district court.

No. 24-60481

*E.g.*, *United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017); *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.") (citation omitted).

AFFIRMED.